UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
:
**CLEAR BLUE SPECIALTY INSURANCE COMPANY**,
:
:
                Plaintiff, : **MEMORANDUM DECISION AND ORDER**
:
: 22-CV-1915 (AMD) (SJB)
      – against – :
:
:
**TFS NY, INC. d/b/a SUGARDADDY'S** and **TYWAN SIMMONS**, :
:
:
                Defendants. :
:
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The plaintiff brings this action seeking a declaratory judgment that it need not defend or indemnify defendant TFS NY[1] against a personal injury lawsuit pending in the New York Supreme Court, Kings County. Before the Court is the plaintiff's motion for summary judgment under Federal Rule of Civil Procedure 56. (ECF Nos. 29, 32.) For the reasons that follow, the motion is granted.

## BACKGROUND[2]

      The defendant owns and operates a nightclub. Between April 2019 and April 2020, the plaintiff insured the defendant under a Commercial General Liability insurance contract. (ECF No. 33-1 ¶¶ 11–12.) Like any other insurance policy, this contract had general coverage policies, endorsements and exclusions. At issue in this case is the scope of a Sublimited Assault or

---

[1] Defendant Simmons has not appeared in this action.

[2] The facts are drawn from the parties' Rule 56.1 statements, affidavits and uncontested exhibits, and interpreted in the light most favorable to the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

Battery endorsement and a Third Party or Contracted Security exclusion—specifically, whether these provisions require the plaintiff to defend and indemnify the defendant against a lawsuit pending in New York state court.

Tywan Simmons claims in a New York lawsuit that he was assaulted in the defendant's nightclub on March 7, 2020. (ECF No. 31-2 ¶ 7.) Initially, Mr. Simmons alleged that the defendant's employees "assaulted and battered" him and that the defendant was negligent in hiring those employees; in his amended complaint, he states that Castillo Security Services, which provided security services to the defendant's nightclub, was also involved in the incident. (ECF No. 33-1 ¶¶ 1, 2, 6.)

The parties in this case agree on all the operative facts and many of the legal issues. For example, they agree that the insurance policy was in effect when the incident took place and that Mr. Simmons's lawsuit triggers the plaintiff's duty to defend under the Sublimited Assault or Battery endorsement, because the lawsuit includes negligence claims. (*Id.* ¶ 19; ECF No. 32 at 6–9.) They also agree that Castillo was "an outside security company" as defined by the insurance policy. (ECF No. 35 at 1.) The parties dispute only whether the Third Party or Contracted Security exclusion abrogates the plaintiff's duty to defend because the alleged incident involved Castillo. (ECF No. 36 at 1.)

The exclusion provides:

1. This insurance does not apply to any loss, claim, "suit," cost, expense or liability for damages, directly or indirectly based on, attributable to, arising out of, involving, resulting from or in any way related to the acts, omissions or operations of any third party or contracted security services provider or vendor or its employees, personnel, staff or representative, including but not limited to:

    a. Defense, safety, protective, barricade or security fencing operations or activities; or

    b. Crowd, patron or audience control, supervision or management operations or activities; or

    c. T-shirt security, patron search, patron pat down, wanding, patron property search, patron ejection, door supervision, line control, bouncer activities or security guarding.

2. This insurance does not apply to any loss, claim, "suit," cost, expense or liability for damages, directly or indirectly based on, attributable to, arising out of, involving, resulting from or in any way related to the hiring, contracting of, investigation, supervision, management, training or retention of any entity or non-employee individuals engaged in any of the operations or activities in Number 1 above.

3. This insurance does not apply to any loss, claim, "suit", cost, expense, or liability for damages, directly or indirectly based on, attributable to, arising out of, involving, resulting from or in any way related to the alleged failure to provide or inadequate provision of any of the operations or activities in Numbers 1 or 2 above.

We have no duty to defend any insured against any claims or "suits" seeking damages for "bodily injury", "property damage", personal and advertising injury" or "injury" in regard to the matters covered by this exclusion and we have no duty to pay damages in regard to the matters covered by this exclusion. If a "suit" or claim is brought against any insured which contains allegations relating in any way to the matters covered by this exclusion, we will have no obligation or liability to pay sums or perform acts or services. Such lack of coverage, lack of duty to defend and lack of duty to pay damages may result in financial loss to the named insured and/or to those persons insured under this policy.

(ECF No. 33-1 ¶ 21.)

## LEGAL STANDARD

Summary judgment is appropriate only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Courts must view all facts "in the light most favorable" to the non-movant, *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014), and "resolve all ambiguities and draw all permissible factual inferences in favor of the [non-movant]," *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citation omitted). Said another way, summary judgment is

3

"appropriate" only if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Johnson*, 680 F.3d at 236 (citation omitted).

Courts must also be mindful of the parties' burdens of proof at trial. *7951 Albion, LLC v. Clear Blue Specialty Ins. Co.*, 548 F. Supp. 3d 321, 325 (E.D.N.Y. 2021). "Where the non-movant will bear the burden of proof on an issue at trial, the moving party may satisfy its burden by pointing to an absence of evidence to support an essential element of the non-movant's case." *Id.* (cleaned up) (quoting *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014)).

Contract interpretation of clear and unambiguous terms is a matter of law. *Int'l Multifoods Corp. v. Com. Union Ins. Co.*, 309 F.3d 76, 83 (2d Cir. 2002). Accordingly, summary judgment is often a "particularly appropriate" mechanism to resolve insurance coverage disputes. *670 Apartments Corp. v. Agric. Ins. Co.*, No. 96-CV-1464, 1996 WL 559942, at *2 (S.D.N.Y. Oct. 2, 1996).

## DISCUSSION

The plaintiff argues that it has no duty to defend or indemnify against Mr. Simmons's lawsuit, because it disclaimed liability over any "suit" "involving" "operations of any third party or contracted security services provider." (ECF No. 33-1 ¶ 21.) While the defendant agrees that the plaintiff is not liable for claims involving Castillo and does not have to indemnify the defendant for them, it nevertheless contends that the plaintiff must "defend the entire action" because the lawsuit includes claims against the defendant and its employees, who "are covered by [the] policy." *Town of Massena v. Healthcare Underwriters Mut. Ins. Co.*, 98 N.Y.2d 435, 445 (2002).[3]

---

[3] The parties agree that New York law applies. (ECF No. 32 at 3; ECF No. 35 at 3.)

4

> I. **Insurance Contracts Under New York Law**

In New York, the duty to defend is "broader than the duty to indemnify." *Nat'l Grange Mut. Ins. Co. v. Cont'l Cas. Ins. Co.*, 650 F. Supp. 1404, 1407 (S.D.N.Y. 1986) (collecting New York cases). The "insurer is required to provide a defense to any action, however groundless, in which there exists any possibility that the insured might be held liable for damages . . . within the coverage of the policy." *Id.* at 1407–08 (citations omitted). That means that if "any of the claims against the insured arguably arise from covered events, the insurer is required to defend the entire action." *Nat. Organics, Inc. v. OneBeacon Am. Ins. Co.*, 102 A.D.3d 756, 758 (2d Dep't 2013) (citation omitted).

Exclusions from the policy "must be specific and clear in order to be enforced." *Grange*, 650 F. Supp. at 1408 (citation omitted). The "insurer bears the burden of proving that an exclusion applies," *Consol. Edison Co. of N.Y. v. Allstate Ins. Co.*, 98 N.Y.2d 208, 220 (2002), and the court will not "extend[ an exclusion] by interpretation or implication." *Grange*, 650 F. Supp. at 1408. Instead, the court will construe any "ambiguous" exclusion that is "subject to more than one reasonable construction" "most favorably to the insured." *Id.*

That said, the "duty to defend is contractual in nature." *Frankart Distribs., Inc. v. Fed. Ins. Co.*, 616 F. Supp. 589, 591 (S.D.N.Y. 1985) (citation omitted). In interpreting insurance contracts, New York courts adhere to the "general rules of contract interpretation," "giv[ing] full meaning and effect to all" contractual provisions. *Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89, 98 (2d Cir. 2012); *see also White v. Cont'l Cas. Co.*, 9 N.Y.3d 264, 267 (2007). Accordingly, "there is no duty to defend where the alleged basis for liability is not within the coverage of the policy." *Frankart*, 616 F. Supp. at 591.

## II. The Plaintiff's Duty to Defend

### a. Plain Meaning of the Contracted Security Exclusion

The defendant contends that the plaintiff owes a duty to defend because "the exclusion is silent as to whether insurance would apply to separate and distinct claims of assault and battery that are made against [the defendant] and its employees . . . . In fact, the exclusion only mentions coverage is precluded for *claims* against the third-party security company." (ECF No. 35 at 6 (emphasis added).) According to the defendant, Mr. Simmons "makes separate and distinct claims as to who allegedly conducted the assault," because he puts the allegations about the defendant and its employees in one paragraph and the allegations about Castillo in another. (*Id.* at 1 (citing ECF No. 31-2 ¶¶ 9, 10).)

The defendant's argument cannot be squared with the plain language of the exclusion, which states repeatedly that it "does not apply to any . . . 'suit' . . . directly or indirectly based on, attributable to, arising out of, involving, resulting from or in any way related to the acts, omissions or operations of any third party or contracted security services provider." (ECF No. 33-1 ¶ 21.) The policy expressly cautions that "[i]f a 'suit' *or* claim is brought against any insured which contains allegations relating in any way to the matters covered by this exclusion," the plaintiff "will have no obligation or liability to pay sums or perform acts or services" under the policy. (*Id.* (emphasis added).) The defendant does not dispute that Mr. Simmons's complaint alleges that he was "assaulted" and "sustain[ed] serious and severe injuries" "as a direct consequence and result of the acts of [all] the defendants." (ECF No. 31-2 ¶ 14.)[4] Mr.

---

[4] A court determining whether there is a duty to defend "compare[s] the allegations in the complaint to the provisions of the insurance contract." *Silverman Neu, LLP v. Admiral Ins. Co.*, 933 F. Supp. 2d 463, 475 (E.D.N.Y. 2013) (cleaned up).

Simmons's "suit," therefore, "involv[es]" a "contracted security services provider" (ECF No. 33-1 ¶ 21) and falls within the exclusion.

The defendant cites two cases in which courts required insurers to defend because one of the claims was covered by the policy: *CGS Indus., Inc. v. Charter Oak Fire Ins. Co.*, 720 F.3d 71, 82–83 (2d Cir. 2013), and *Nat. Organics*, 102 A.D.3d at 758–59. But the insurance contracts at issue in those cases only excluded specific claims from coverage, not entire lawsuits. For example, in *CGS*, the insurance contract excluded willful-infringement claims, but the underlying lawsuit also claimed a Lanham Act violation; the court simply enforced the usual rule that requires the insurer "to defend the entire action" "if any of the claims are covered by the policy." 720 F.3d at 83–84 (citation omitted); *see also Nat. Organics*, 102 A.D.3d at 757–59 (requiring the insurer to defend because the policy excluded "coverage for personal and advertising injury arising out of a breach of contract" but the underlying lawsuit also alleged a Lanham Act violation which fell within the coverage (cleaned up)). This case is different. The exclusion exempts the plaintiff from defending the "suit" if it involves an outside security company.

While the defendant also describes the exclusion as "ambiguous" (ECF No. 35 at 7), it does not offer an alternative interpretation. Indeed, the terms are clear. The contract is explicit that the policy does not cover any "claim [or] suit" that is "directly or indirectly based on, attributable to, arising out of, involving, resulting from or in any way related to the" actions of a security company. (ECF No. 33-1 ¶ 21 (cleaned up).) That language is not hidden away in a footnote or fine print, and the word "suit" appears five times in the policy. Moreover, the word "suit" is right next to "claim," giving additional notice that the exclusion applies to the entire lawsuit. Similarly, courts have uniformly held that "based on," "arising out of" "involving," and

7

"related to" are broad, "clear and unmistakable" terms. *7951 Albion*, 548 F. Supp. 3d at 329 (collecting cases); *see also Denihan Ownership Co., LLC v. Com. & Indus. Ins. Co.*, 37 A.D.3d 314, 315 (1st Dep't 2007) ("arising from" has "a broad and comprehensive" meaning); *Nat. Organics*, 102 A.D.3d at 759 ("arising out of" "requires only that there be some causal connection between the injury and the risk for which coverage is provided or excluded" (cleaned up)); *Quanta Lines Ins. Co. v. Invs. Cap. Corp.*, No. 06-CV-4624, 2009 WL 4884096, at *21 (S.D.N.Y. Dec. 17, 2009) (while "result from" and "arise out of" imply a causal relationship, "in any way involv[ing]" does not require one (cleaned up)), *aff'd sub nom. Quanta Specialty Lines Ins. Co. v. Investors Capital Corp.*, 403 F. App'x 530 (2d Cir. 2010).

In short, there is simply no "reasonable basis for a difference of opinion as to the meaning of the policy," *CGS*, 720 F.3d at 77, as a court in this Circuit has already held in finding that the plaintiff has no duty to defend under essentially the same circumstances. *See 7951 Albion*, 548 F. Supp. 3d at 327–29 (holding the same "exclusion's language" to be "unambiguous").

In any event, the defendant would not succeed even under a claim-by-claim analysis of Mr. Simmons's lawsuit. Contrary to the defendant's reading, Mr. Simmons did not make separate "claims" against the defendant and Castillo (ECF No. 35 at 6); he simply separated the factual allegations into different paragraphs, as required by New York's pleading standards. *E.g.*, *Portnoy v. Am. Tobacco Co.*, No. 1-MG, 1997 WL 638800, at *3 (N.Y. Sup. Ct. Sept. 26, 1997) ("plaintiffs must allege not just a duty and an injury, but how *each* . . . defendant caused that injury"). The complaint alleges that the altercation was the product of joint action of the

8

defendant, its employees and Castillo, each of which is included in every cause of action.[5] The plaintiff thus has no duty to defend.

### b. The Exclusion Must Be Enforced

The defendant argues that the coverage under the Sublimited Assault or Battery endorsement is illusory if the exclusion exempts the plaintiff from defending a lawsuit any time an outside security company is involved. The defendant points out that nightclubs in New York almost always have to hire third-party security, and "the plaintiff's bar is almost required to make a claim or sue everyone that could possibly be involved whether or not they actually were." (ECF N0. 35 at 8.) That means that nightclubs would always have to shoulder the cost of defending against a personal-injury lawsuit.

As the defendant observes, New York disfavors exclusions that "swallow the policy." *Lend Lease (US) Const. LMB Inc. v. Zurich Am. Ins. Co.*, 28 N.Y.3d 675, 685 (2017) (citation omitted). But "parties to an insurance arrangement may generally contract as they wish and the courts will enforce their agreements without passing on the substance of them." *J.P. Morgan Sec. Inc. v. Vigilant Ins. Co.*, 21 N.Y.3d 324, 334 (2013) (cleaned up). As long as an insurance policy "provides coverage for some acts," even if that coverage is "subject to a potentially wide exclusion," the policy, its endorsements and its exclusions are all enforceable under New York law. *Lend Lease*, 28 N.Y.3d at 685 (cleaned up).

In this case, the endorsement offers some coverage even if the exclusion applies in the manner discussed above. For example, the plaintiff would have to defend if the defendant did not hire outside security or if the defendant's employee singlehandedly assaulted a patron.

---

[5] The claims appear to be (1) assault and battery; (2) negligent training and hiring; and (3) emotional distress. (*See* ECF No. 31-2.)

Although the universe of such cases may be small, it is not illusory. *See 7951 Albion*, 548 F. Supp. 3d at 329 (enforcing essentially the same policy, because the insured did not have to hire third-party security).

Moreover, nightclubs have a good reason to purchase narrow policies like this one. As the parties agree, the typical practice in the nightclub industry is for the third-party security company to buy its own insurance, which must cover the nightclub "as an indemnitee of the security company and as an additional insured." (ECF No. 32 at 13; ECF No. 35 at 9.) In keeping with that industry standard, the defendant required Castillo to obtain just such a policy. (ECF No. 31-4 ¶ 10.) Therefore, the "main object" of the endorsement was not to provide full coverage against all personal-injury lawsuits but to fill gaps in the coverage of the Castillo's insurance—for example, when an injury occurs outside of normal operating hours and Castillo is off site or when an incident does not involve Castillo at all. *Cf. Lend Lease (US) Const. LMB Inc. v. Zurich Am. Ins. Co.*, 136 A.D.3d 52, 60 (1st Dep't 2015) ("exclusionary policy language should not be enforced when it defeats the main object of the purchased coverage, or virtually nullifies the coverage sought for anticipated risk"). The defendant claims that Castillo's insurer has also refused to defend against Mr. Simmons's lawsuit. But Castillo's (or its insurer's) breach of contract cannot affect the scope of the plaintiff's policy.

Finally, even if there is no duty to defend on the facts alleged in Mr. Simmons's complaint, there might still be a duty to indemnify the defendant if the state court dismisses the claims against Castillo or if the jury decides that the defendant's employees were the only ones involved in Mr. Simmons's assault. But at this time, the exclusion must be enforced, and the plaintiff has no duty to defend.

10

### III.     Duty to Indemnify

The plaintiff also seeks a declaration that it has no duty to indemnify because "an insurer's duty to defend is broader." (ECF No. 32 at 14 (citing *Lighton Indus., Inc. v. Allied World Nat'l Assurance Co.*, 348 F. Supp. 3d 167, 186 (E.D.N.Y. 2018)).)  "It stands to reason," the plaintiff claims, that "if there is no duty to defend, there can be no duty to indemnify." (*Id.* at 14–15 (quoting *BF Advance, LLC v. Sentinel Ins. Co., Ltd.*, No. 16-CV-5931, 2018 WL 4210209, at *14 (E.D.N.Y. Mar. 20, 2018)).)  The plaintiff is correct on the facts currently before the Court.  But as discussed above, developments in Mr. Simmons's lawsuit may trigger a duty to indemnify.  If that happens, the defendant may move to reopen the case.  *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 115 (2d Cir. 2005) ("the duty to pay is determined by the actual basis for the insured's liability to a third person" (quoting *Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co.*, 91 N.Y.2d 169, 178 (1997))).

## CONCLUSION

The plaintiff's motion for summary judgment is granted.  The defendant may move to reopen on the issue of indemnification if the state court determines that Castillo played no part in Mr. Simmons's assault.

**SO ORDERED.**

                                                                             s/Ann M. Donnelly
                                                           _____
                                                           ANN M. DONNELLY
                                                           United States District Judge

Dated: Brooklyn, New York
       September 6, 2023